IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ANDREA LYNN LAUBER<br>　　　　Debtor,<br><br>TOYOTA MOTOR CREDIT CORPORATION<br>　　　　Movant,<br><br>　　　v.<br><br>ANDREA LYNN LAUBER, and<br>JACK N ZAHAROPOULOS, Trustee,<br>　　　　Respondents. | Bankruptcy No. 1:25-bk-02670-HWV<br><br><br>Chapter 13 |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, comes Movant, Toyota Motor Credit Corporation (the "Movant"), by and through its undersigned counsel, Keri P. Ebeck and, Debtor, Andrea Lynn Lauber (the "Debtor"), by and through their undersigned counsel, Paul Donald Murphy-Ahles, Esquire, and together file this *Stipulation Resolving Motion for Relief from the Automatic Stay* (the "Stipulation"), stating as follows:

1.　　The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.　　Movant has a secured interest in the 2018 Toyota RAV4, VIN: JTMRJREV9JD230191.

3.　　As of the date of this Stipulation, the Debtor is in default of their post-petition payment obligations to Movant in the amount of $484.01.

4.　　Debtor will cure the post-petition arrears by making a payment in the amount of $484.01 no later than April 15, 2026. Debtor shall resume making their regular post-petition payments on April 3, 2026.

5.      Debtors shall direct the payments to:

> Toyota Motor Credit Corporation
> P.O. Box 4700
> Phoenix, Arizona 85030

5.      Payments must be received by Movant at the above-referenced address on or before the 3rd day of each month.  Debtor will be in default under the Stipulation in the event that the Debtor fail to comply with the payment terms and conditions in Paragraph 4, *supra.*  If Debtor default under this Stipulation, Movant may send Debtor and Debtor's counsel a Notice of Default.  Debtor will have thirty (30) days from the date of the Notice of Default to cure the default.  If default is not cured after thirty days, a Certification of Default will be immediately filed with the Court by the Movant.

6.      In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within thirty (30) days from the date of such conversion.  Should the Debtor fail to cure said arrears within the thirty-day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtor and counsel a written Notice of Default.  If the default is not cured within thirty (30) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Mortgage.

7.      This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy.  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence.  No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@metzlewis.com
Metz Lewis Brodman Must   O'Keefe
444 Liberty Avenue
Suite 2100
Pittsburgh, PA 15222
412-918-1112

*Counsel for Movant*

By: /s/ Douglas R. Roeder, Esq.
For Jack N Zaharopoulos,
Standing Chapter 13 Trustee


Dated: March 25, 2026

By: /s/ Paul Donald Murphy-Ahles
Paul Donald Murphy-Ahles, Esq
PA I.D. # 201207
pmurphy@dplglaw.com
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011
717-975-9446

*Counsel for the Debtor*